UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-86 JVS (MRWx) | Date | July 2, 2019 |
|---|---|---|---|
| Title | Kentha McDowell v. R. Fox, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Regarding Motion to Dismiss**

Defendants David Long ("Long") and Nickolas Lind, M.D. ("Lind") (together, "Defendants") moved to dismiss Plaintiff Kentha McDowell's ("McDowell") Fourth Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. MTD, Docket No. 47. McDowell filed an opposition. Opp'n, Docket No. 48. Defendants replied. Reply, Docket No. 53.

For the following reasons, the Court **grants** Defendants' motion to dismiss for failure to state a claim.

## I. BACKGROUND

### A. Procedural History

McDowell, proceeding pro se, filed this lawsuit on September 6, 2016 in the United States District Court for the Eastern District of California. Docket No. 1. McDowell filed his First Amended Complaint on January 6, 2017; however, the Eastern District issued an order for dismissal on June 1, 2017. Docket Nos. 10, 12. McDowell filed his Second Amended Complaint ("SAC") on July 5, 2017. Docket No. 13. On December 8, 2017, the Eastern District allowed for the substitution of attorney and leave to amend the SAC. Docket No. 21. McDowell filed his Third Amended Complaint ("TAC") on January 11, 2018. Docket No. 22. The Eastern District again issued an order dismissing the complaint with leave to amend. Docket No. 24. On April 30, 2018, McDowell filed the FAC. Docket No. 26. Subsequently, the Eastern District transferred the lawsuit to the Central District of California on January 10, 2019. Docket No. 30. Prior to transfer, the Eastern District dismissed defendants Robert W. Fox and Dr. Mehta, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 19-86 JVS (MRWx)  Date  July 2, 2019

Title  Kentha McDowell v. R. Fox, et al.

the second cause of action for loss of physical liberty and failure to protect in violation of the Eighth Amendment against aforementioned defendants. Docket No. 29.

McDowell brings this lawsuit against Defendants under 42 USC § 1983, alleging one cause of action in violation of the Eighth Amendment. FAC, Docket No. 26 ¶ 1. In addition, McDowell alleges that Defendants' actions and inactions constitute a violation of the Americans with Disabilities Act and the Rehabilitation Act. Id. ¶ 32. McDowell seeks compensatory damages for out-of-pocket loss, impairment of reputation, personal humiliation, and mental anguish and suffering, in addition to punitive damages. Id. at 16–18.

**B.     Allegations**

The FAC alleges the following. McDowell is an African American male, who was an inmate at Ironwood State Prison ("ISP"). FAC, Docket No. 26 ¶ 12. Long was the warden and assistant warden for ISP, acting, at all times relevant to this case, in both his individual and official capacity and under the color of state law within the meaning of 42 USC § 1983. Id. ¶ 9. Lind was, at all times relevant to this action, a physician employed by or contracted with the ISP, working as the chief of staff for ISP's primary clinic, acting in his individual capacity and under color of state law within the meaning of 42 USC § 1983. Id. ¶ 7.

During his incarceration, McDowell suffered from a heart condition, which led to McDowell having open heart surgery at Loma Linda Hospital in Riverside County. Id. ¶ 12. The open heart surgery was successful and McDowell's heart disease was treated. Id. Following the surgery, some time in 2007, McDowell was placed back into ISP despite hospital and prison staff knowing he was too medically fragile to survive in ISP. Id. Due to his condition, McDowell became an Armstrong inmate, which McDowell alleges classified him as a disabled inmate within the prison as defined by Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010), and allowed him the use of a cane to ambulate. Id.

On or about June 12, 2007, Dr. Gary Thompson and Dr. Thaddeus Wilson from the Riverside County Regional Medical Center informed Lind of the special needs and substantial risks that McDowell faced due to his medical procedure. Id. ¶ 32. In addition, an unnamed medical doctor and nurse practitioner at ISP advised McDowell to eat a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 19-86 JVS (MRWx)     Date    July 2, 2019

Title     Kentha McDowell v. R. Fox, et al.

"heart healthy" diet, which was low in sodium and fats, and high in fruit and vegetable intake. Id. ¶ 13. However, McDowell was forced to eat a normal diet that was "specially tailored to white males." Id. As a result of this diet, McDowell redeveloped his heart disease and required a second open heart surgery years later while still incarcerated. Id.

    The FAC also asserts the following statistics and scientific findings. African American males have a 50% greater chance at developing heart disease. Id. ¶ 14. Diet is the leading factor to prevent heart disease, especially in African Americans males who digest certain foods differently than white males due to enzyme and gene differences between the two races. Id. This enzyme and gene difference makes African American men more "salt-sensitive" than white males, and thus, African American men are more sucsceptible to heart disease when given a "normal white male diet." Id. McDowell alleges that these differences between the two races is common knowledge, and that this information should be second nature to all healthcare providers and people working in the health field. Id.

    The FAC asserts that African Americans undergo heart surgeries at a 3:1 ratio over their white counterparts. Id. The FAC alleges that, as a result, the corrections institution partakes in this "industry" by deliberately allowing African Americans to develop heart problems by use of a "normal diet" that is "specially tailored to white males." Id. McDowell alleges that his subsequent heart attacks and heart surgery could have easily been avoided had Defendants simply changed his diet and moved him to another corrections facility. Id. McDowell alleges that Long, the warden and assistant warden of ISP, ignored McDowell's medical needs for five years by not accepting advice from ISP's medical staff and avoiding writing incident reports. Id.

    In 2012, McDowell was transferred to the California Medical Facility ("CMF") due to the increase of health concerns stemming from McDowell's heart disease. Id. ¶ 16. At CMF, McDowell continued to make verbal complaints to guards and other CMF staff that the diet was "killing him," and that he needed to be placed on a special diet. Id. ¶ 18–19.

## II. LEGAL STANDARD

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 19-86 JVS (MRWx)    Date  July 2, 2019

Title  Kentha McDowell v. R. Fox, et al.

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

Defendants argue that the case should be dismissed for three separate reasons: (1) the action is barred by the statute of limitations; (2) McDowell fails to state a claim under the Eighth Amendment; (3) and Defendants are entitled to qualified immunity. Mot., Docket No. 47.

**A.    Statute of Limitations**

Defendants argue the FAC should be dismissed because the Eighth Amendment claim alleged as to Defendants accrued in 2007, and thus, the statute of limitations has expired as to any action arising from an alleged injury caused by Defendants. Mot., Docket No. 47 at 1.

For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In California, the statute of limitations for personal injury cases is two years. See Butler v. Nat'l Cmty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 19-86 JVS (MRWx)                                    Date   July 2, 2019

Title    Kentha McDowell v. R. Fox, et al.

Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Code Civ. P. § 335.1. A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the claim. Pouncil v. Tilton, 704 F.3d 568, 573–74. (9th Cir. 2012) (clarifying that while § 1983 actions are governed by the forum state's statute of limitations, federal law determines when a § 1983 claim accrues; under federal law accrual occurs when the plaintiff knows or has reason to know of the injury that is the basis of the action).

  Here, McDowell alleges that on or about June 12, 2007, "Dr. Gary Thompson M.D. and Dr. Thaddeus Wilson M.D." informed Defendants that McDowell had "special needs" and faced "substantial risks" due to his medical procedure. FAC, Docket No. 26 ¶ 32. McDowell also alleges that he was ordered by doctors to eat a "heart healthy" diet in 2008, and that Defendants denied the diet plan, resulting in McDowell "developing heart disease." Id. McDowell argues that Defendants showed deliberate indifference to his medical needs by failing to follow the doctors' orders by not providing him a diet that would have prevented the recurrence of his heart disease. Id.

  McDowell's allegations establish that he knew, or had reason to know, of the alleged claim in 2007 or 2008, as McDowell was aware of his specific medical risks and that he believed Defendants were violating his alleged constitutional rights by failing to provide his "heart healthy" diet. Further, McDowell states that upon his transfer to CMF in 2012, he "continued to make verbal complaints" to guards and other CMF staff that the diet was "killing him," and that he needed to be placed on a special diet. Id. ¶ 18–19. Given this statement, the Court finds that at the very latest, McDowell knew of his alleged injury in 2012. Despite this finding, the statute of limitations of two years has still run.

  Though California law provides for the tolling of a statute of limitations for up to two years based on the disability of imprisonment, Cal. Civ. Proc. Code § 352.1, "[e]quitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness."
Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004) (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003), as modified (Aug. 27, 2003)). The purpose of this doctrine is to "soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Daviton v. Columbia/HCA Healthcare Corp., 241

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-86 JVS (MRWx) | Date | July 2, 2019 |
|---|---|---|---|

| Title | Kentha McDowell v. R. Fox, et al. |
|---|---|

F.3d 1131, 1137 (9th Cir. 2001). Thus, the availability of the equitable tolling doctrine does not depend on satisfying an inflexible list of elements, but rather the determination "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." Ross v. Steinwand, No. CV14-05291-RGK (KES), 2017 U.S. Dist. LEXIS 184518, at *16 (C.D. Cal. Nov. 2, 2017) (quoting Addison v. State, 21 Cal. 3d 313, 321 (1978)).

     The injustice arising from a refusal to toll the statute of limitations for McDowell would not be as considerable as McDowell argues. Rather, the Court finds that injustice would be insignificant, given the history and circumstances of the case. The law provides for tolling criminal inmates in recognition of their more limited ability to investigate their claims, to contact and seek representation of lawyers, and to avail themselves of the judicial process. Jones, 393 F.3d at 928. The Ninth Circuit has emphasized that "[i]n terms of limitations on the prisoner, continuous custody is the relevant disability." Id. (quoting Elliott v. City of Union City, 25 F.3d 800, 803 (9th Cir.1994)). Because of this, "actual, uninterrupted incarceration" is the touchstone for applying California's tolling doctrine for the disability of imprisonment. See id.

     Here, McDowell was imprisoned in ISP from 2007 until 2012 when he was transferred to CMF, where he was held until his eventual parole.[1] FAC, Docket No. 26 ¶ 16. When the initial Complaint was filed on September 6, 2016, McDowell was pro se, and remained pro se until December 8, 2017. Chau Declaration, Docket No. 49 ¶¶ 2–5. Given these findings, the rule of "actual, uninterrupted incarceration" applies, as McDowell, a criminal inmate, was required to litigate under serious disadvantages due to his continuous incarceration from 2007 until 2016. See Rand v. Rowland, 154 F.3d 952, 958 (9th Cir. 1998). However, the Court notes that McDowell failed to include the present cause of action against Defendants until the TAC on January 11, 2018, more than two years after the filing of the Initial Complaint. Docket No. 22. Ultimately, this finding illustrates the fact that McDowell was given three separate opportunities before the TAC to address the Eighth Amendment violation against Defendants, and chose not to do so,

---

[1] The exact date of McDowell's release from CMF is unclear, but the Court relies on the reasonable assumption the year was 2016, given the allegations provided in the FAC, and declarations provided to the Court. See FAC, Docket No. 26 ¶ 5; see also Chau Declaration, Docket No. 49 ¶ 2–5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-86 JVS (MRWx) | Date | July 2, 2019 |
| Title | Kentha McDowell v. R. Fox, et al. | | |

despite knowing, or having reason to know, of the alleged claim in 2007 or 2008.

On the other side of the balance is the general public policy interest served by the statute of limitations. Fairness to Defendants requires that the case be brought when memories have not been affected by time, when all pertinent witnesses can still be called, and when physical evidence has not been destroyed or dispersed. Jones, 393 F.3d at 928. In addition to these evidentiary concerns, the public has an interest in avoiding the cultivation of stale grievances and grudges. Id. Here, the alleged violations, and the basis for McDowell's cause of action, began to occur twelve years ago in 2007 and continued to occur into 2012. FAC, Docket No. 26 ¶ 16. Furthermore, McDowell was given three separate opportunities over the span of two years to bring the present cause of action before the Court. Since the cause of action allegedly occurred from 2007 to 2012, and McDowell was given ample opportunities to address the cause of action and failed to do so, the public's interest in avoiding a stale grievance would significantly be served by the denial of equitable tolling.

Because the present cause of action occurred over ten years ago, and McDowell knew, or had reason to know, of the alleged violations in 2007 or 2008, but failed to raise them until two years after the filing of his Initial Complaint, the balance tips in favor of denying equitable tolling of the statute of limitations.

### B.    Failure to State a Claim

Defendants argue that McDowell fails to state a claim under the Eighth Amendment relating to any denial of medical treatment or failure to comply with medical recommendations, associated with McDowell being provided a "normal diet that was specially tailored to white males." Mot., Docket No. 47 at 1.

Only "deliberate indifference to serious medical needs" can support an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97 (1976). To prevail on a deliberate indifference claim, a plaintiff must show that he was exposed to some specific risk or to a medical deprivation that was "objectively, sufficiently serious" and also, that prison officials knew of, and disregarded, the excessive risk to the inmate's health and safety. Farmer v. Brennan, 511 U.S. 825, 834–37 (1994). The plaintiff must allege facts plausibly showing that a prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-86 JVS (MRWx) | Date | July 2, 2019 |
| Title | Kentha McDowell v. R. Fox, et al. | | |

draw the inference." Id. at 837. In contrast, "prison officials may not be held liable if they prove that they were unaware of even an obvious risk or if they responded reasonably to a known risk, even if the harm ultimately was not averted." Id. at 826.

To state a claim for a particular violation or injury, a plaintiff must identify the person who caused the alleged deprivation, focusing "on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). A particular defendant is "liable only for his or her own misconduct." Iqbal, 556 U.S. at 677. A person causes a constitutional injury when he or she takes an affirmative act that causes the harm, omits to perform a legally required act that causes the harm, or sets in motion acts by others which the defendant knows or reasonably should know would cause others to inflict a constitutional injury. Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012).

In the FAC, McDowell alleges that Defendants violated the Eighth Amendment's prohibition of cruel and unusual punishment because they acted with deliberate indifference to McDowell's serious medical and dietary needs, by knowing of his medical needs and refusing to change his diet. FAC, Docket No. 26 ¶ 31. McDowell alleges that Defendants were informed by medical doctors from the Riverside County Regional Medical Center of McDowell's "special needs and substantial risks." Id. ¶ 32. Consequently, McDowell states he was given an Armstrong classification, where he was allowed the use of a cane. Id.

In addition, McDowell alleges that Defendants knew or should have known that African American males have a 50% greater chance than white males of developing heart disease. Id. ¶ 25. McDowell alleges that his dietary needs were "common knowledge" due to the "great media hype" about heart-healthy foods, and additionally, that it is "common knowledge" that "African American men are more susceptible to heart disease through a normal/white diet." Id. ¶¶ 14, 32.

McDowell's factual allegations are wholly conclusory and fail to state a claim. McDowell does not allege any factual allegations to plausibly suggest that either Defendant knew of, and consciously disregarded, a substantial risk of serious harm posed to McDowell due to his diet. At most, McDowell alleges that medical doctors from Riverside County Regional Medical Center informed Defendants of McDowell's special

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-86 JVS (MRWx) | Date | July 2, 2019 |
|---|---|---|---|
| Title | Kentha McDowell v. R. Fox, et al. | | |

needs and substantial risks. Id. ¶ 32. However, the factual allegations illustrate that as a result of this exchange of information, McDowell was classified as an Armstrong inmate and was given the use of a cane for ambulatory reasons. Id.

McDowell vaguely suggests that certain "signatures" indicate that Defendants were aware of his medical condition. Id. ¶ 29. However, he does not allege specific facts that plausibly establish that either defendant was actually aware of any dietary recommendation. McDowell contends that "MD notes, medical records, and transfer papers having the signature of the warden, the associate warden, and Dr. Lind," demonstrate that Defendants were aware of his medical conditions and needs. Id. Nonetheless, these signatures fail to establish how a signature on a "transfer recommendation" shows that Defendants were aware that McDowell required a specialized diet. Nor do these signatures, or any factual allegations within the FAC, plausibly suggest that Defendants knew, or should have known, that McDowell would be harmed by his consumption of a "normal/white diet."

Therefore, McDowell has failed to allege facts plausibly suggesting that Defendants knew of, and disregarded any risk to his health. For this reason, in addition to the Court not applying equitable tolling, the Court dismisses the FAC. Consequently, the Court will not address the argument of qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, the Court **grants** the motion to dismiss for failure to state a claim without leave to amend.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 19-86 JVS (MRWx)                               Date   July 2, 2019

Title   Kentha McDowell v. R. Fox, et al.

 :   0

Initials of Preparer   lmb